(No. 17368.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. EARL F. GORE, Plaintiff in Error.

*Opinion filed June 16, 1926.*

1. CRIMINAL LAW—*when agent is not authorized to sign contract for sale of real estate.* An oral contract of agency to sell real estate does not authorize the agent to sign the name of his principal to a written contract of sale.

2. SAME—*when real estate agent cannot be convicted of larceny as bailee.* A real estate agent who, acting under an oral contract to sell, has signed the name of his principal to a written contract of sale and has received, upon delivery of a deed, a check for the purchase price, made out to him, cannot be convicted of larceny as bailee, where the oral contract did not authorize acceptance of the check and where the vendors testify that they never signed the deed or ratified the transaction, as the evidence in such case tends to show the obtaining of money by use of a false and fraudulent deed and not the crime of larceny as bailee.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

RAPHAEL W. MARROW, (CLYDE C. FISHER, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and G. E. NELSON, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the criminal court of Cook county of larceny as bailee of a certain check for $2500, of the property of Florence and Walter Buckett. Judgment was entered on the verdict. Plaintiff in error brings the cause here for review, contending that the fact of the bailment was not proved as laid in the indictment.

There is practically no dispute as to the facts. Plaintiff in error was a real estate broker in the city of Chicago. On November 14, 1924, he called at the home of the complaining witnesses, Florence and Walter Buckett, and stated to them that he had a purchaser for two vacant lots belonging to them, for the sum of $2500. The Bucketts told him that they were willing to sell for $2500 cash, and at plaintiff in error's suggestion delivered to him a Torrens certificate of title covering one lot and a guaranty policy covering the other and took his receipt for the same. Evidently the plaintiff in error did not tell the Bucketts who his proposed purchaser was, but on November 24 he entered into a written contract with August M. Gost by which Gost was to purchase the lots for $2500. Plaintiff in error signed the contract in the name of the Bucketts, "By E. F. Gore, Agent." On January 24 plaintiff in error presented to an attorney for Gost a deed purporting to be signed by the Bucketts, which was acknowledged by him (Gore) as notary public. At his request a check for $2434, representing the balance after some minor items of expense were met, was made out by Gost's attorney to Gore instead of to the Bucketts. Plaintiff in error cashed the check and converted the money to his own use. The Bucketts did not sign the deed and knew nothing of the existence of the deed until some time later.

While the evidence establishes that plaintiff in error had an oral contract with the Bucketts to sell the property in question, there was no evidence that he was authorized to sign their name to a contract. An oral contract of agency to sell real estate does not authorize the agent to sign the name of his principal to a written contract of sale. (*Hagen v. Anderson,* 317 Ill. 173.) Nor was he authorized by the contract of agency to receive a check for the payment of the lots, made out in his name. The question involved in this case is whether or not plaintiff in error was bailee of a check belonging to the Bucketts. Unless he has been

proven so beyond a reasonable doubt, conviction of larceny as such bailee cannot stand. The fact that he may have used a false and fraudulent deed to procure money from Gost does not aid in the solution of the question. The conviction must be of the crime charged and not of some other crime. The Bucketts were not entitled to this money until they had given the warranty deed to the property in question, which they at no time did. They have parted with nothing of value. There is nothing in the evidence to establish that they gave any authority to plaintiff in error to take a check in his name, and certainly he had no authority to sign their names to a deed. The Bucketts were not entitled to the money until after they had signed such a deed.

It is urged, however, that Gore was not the agent of Gost, who turned the money over to him, but was the agent of the Bucketts, and that the Bucketts having testified that the property was not in their possession but in the possession of the members of a church, for whom, according to the evidence, Gost was acting, the record shows that the Bucketts had at least sufficient title to the money to sustain a conviction of larceny as bailee. They testified they were ready and willing to make a good deed in case they got the money, but they have in nowise ratified the sort of transaction which took place between plaintiff in error and Gost's attorney. Nor are they bound by plaintiff in error's action on the ground of principal and agent. We are unable to see, therefore, how it can be said that the Bucketts are, under the present state of the record, entitled to this money. Certainly, if they brought suit against plaintiff in error to recover under a civil action they could not show they were entitled to this money without having given a valid deed for this property, which they have not done.

The judgment is therefore reversed.

*Judgment reversed.*